UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-60703-CIV-DIMITROULEAS

NEBULA GLASS INTERNATIONAL,
INC., d/b/a GLASSLAM N.G.I., INC.,
a Florida corporation,

    Plaintiff,

vs.

REICHHOLD, INC., a foreign corporation,

    Defendant.
_____/



## ORDER DENYING MOTION TO EXTEND STAY OF EXECUTION; GRANTING MOTION TO ENFORCE SURETY'S LIABILITY AND FOR EXECUTION

THIS CAUSE is before the Court upon Defendant's Motion to Extend Stay Pending Appeal [DE-251] and Plaintiff's Amended Motion to Enforce Surety's Liability on Appeal Bond and Motion for Execution [DE-256]. The Court has carefully considered the Motions, Glasslam's Response to Reichhold's Motion to Extend Stay [DE-253], Defendant's Response to Plaintiff's Amended Motion [DE-259], Defendant's Reply [DE-258] and Plaintiff's Reply [DE-257][1], and is otherwise fully advised in the premises.

## I. BACKGROUND

The Court entered judgment in this matter in the amount of $22,500,000 on May 21, 2004 [DE-161] following a jury finding in favor of Plaintiff. [DE-156]. On June 21, 2004,

---

[1] On September 21, 2006, Plaintiff filed its Reply to Reichhold's Opposition to Glasslam's original Motion to Enforce Surety's Liability and Motion for Execution. Because the arguments raised in Reichhold's Response to the Amended Motion echo those raised in response to the original motion, the Court will construe this Reply as being filed with respect to Reichhold's Response to Plaintiff's Amended Motion.

Defendant Reichhold, Inc. ("Reichhold") moved for approval of a supersedeas bond in the amount of $24,750,000 and for a stay of execution of the judgment pending disposition of post-trial motions pending at the time and appeal of the final judgment to the Court of Appeals for the Eleventh Circuit. [DE-171]. The Court approved the bond and granted the stay of execution of judgment. [DE-197]. On August 13, 2004, Reichhold appealed the verdict and final judgment in this matter to the Eleventh Circuit. [DE-209]. The Eleventh Circuit affirmed the judgment on June 30, 2006. Defendant's petition for panel rehearing was subsequently denied and the Eleventh Circuit's mandate was issued on August 28, 2006.

While Reichhold's appeal of the judgment was pending, Reichhold filed with this Court a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure Rule 60(b). [DE-233]. The Court denied Defendant's motion on May 18, 2006 [DE-245] and Reichhold appealed the Court's order on June 7, 2006, which appeal is currently pending before the Eleventh Circuit. Defendant filed its instant Motion seeking an extension of the stay of execution of judgment previously entered by this Court pending resolution of its appeal of the Court's May 18, 2006 Order. Plaintiff contemporaneously filed its Motion seeking to enforce the surety's liability on the supersedeas bond posted by Defendant to secure the stay of execution now that the appeal of the final judgment has concluded.

## II.  DISCUSSION

Reichhold seeks an extension of the stay of the final judgment in this matter, pending appeal of this Court May 18, 2006 Order Denying Defendant's Motion for Relief from Judgment. Reichhold argues that if it prevails on the pending appeal such an outcome may result in reversal of the judgment in full. Reichhold contends that this potential result warrants

2

the exercise of the Court's inherent power to extend the stay of execution. Plaintiff opposes Reichhold's Motion and contemporaneously moves to enforce the surety's liability on the appeal bond, seeking entry of judgment against the surety, the Insurance Company of Pennsylvania, for the full amount of the judgment with interest from the date thereof, and costs.

Federal Rules of Civil Procedure 62 provides for stay of execution of a final judgment in certain circumstances. Rule 62(d) provides for a stay pending execution of appeal, while section 62(b) provides for a stay pending disposition of a motion for relief from judgment made pursuant to Rule 60. See Fed. R. Civ. P. 62(b) & (d). Courts have held however, that while Rule 62(b) grants authority to the district court to stay a judgment while it considers and disposes of Rule 60 motions, it does not give the court authority to stay execution of the judgment on appeal after it has disposed of the Rule 60 motions. In re Zapata Gulf Marine Corp., 941 F.2d 293, 294-95 (5th Cir. 1991); see also American Realty Trust, Inc. v. Matisse Partners, L.L.C., No. Civ.A. 300CV1801G, 2003 WL 23175440, at *3 (N.D. Tex. Dec. 15, 2003); Taylor v. Chevrolet Motor Div. of the Gen. Motors Corp., No. CIV. A. 97-2988, 1998 WL 525802, at *1 (E.D. Pa. Aug. 21, 1998). Moreover, a stay permitted by section 62(d) extends only to that judgment being appealed, not to other orders of the court. Zapata, 941 F.3d at 294.

Here, the Court entered a stay of execution pending appeal of the verdict and final judgment and that appeal is now concluded. Thus, a stay of the final judgment is no longer authorized under section 62(d), because the only order now on appeal is the Court's May 18, 2006 Order. Similarly, the Court has already ruled on Defendant's Rule 60(b) Motion and the

Court does not have authority under Rule 62(b) to continue the stay based on the appeal of the Court's Order disposing of that motion. See Zapata, 941 F.2d at 294-95.

Moreover, Reichhold has not shown that an extension of the stay is warranted under the Court's inherent powers. To obtain a stay pending appeal, the movant generally must demonstrate: (1) a substantial likelihood that they will prevail on the merits, (2) that they will suffer irreparable harm if the stay is denied, (3) that issuance of a stay will not substantially harm other parties to the proceeding, and (4) that issuance of the stay will not interfere with public interest. Taylor Diving & Salvage v. U.S. Dep't of Labor, 537 F.2d 819, 821 n.8 (5th Cir. 1976).[2] Generally the first factor is the most important. Am. Ass'n of People With Disabilities v. Hood, No. 3:01CV1275-J, 2004 WL 1041536, at *1 (M.D. Fla. April 16, 2004); see also In re Grand Jury Proceedings, 689 F.2d 1351, 1353 (11th Cir. 1982) (denying stay pending appeal where movant failed to establish likelihood that he would prevail on the merits). Reichhold has not demonstrated a substantial likelihood of success on its appeal of the Court's Order denying the motion for relief from judgment. Therefore, the Court, in its discretion, declines to invoke its inherent powers to extend the stay of execution of judgment pending Reichhold's appeal of the May 19, 2006 Order.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Extend Stay Pending Appeal [DE-251] is hereby **DENIED**.

---

[2] The Eleventh Circuit, in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

2. Plaintiff's Motion to File Sur-Reply [DE-260] is hereby **DENIED.**

3. Plaintiff's Amended Motion to Enforce Surety's Liability on Appeal Bond and Motion for Execution [DE-256] is hereby **GRANTED.** Plaintiff shall submit a Proposed Final Judgment no later than October 26, 2006.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11 day of October, 2006.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Louis L. Williams, Esq.
Kimberly L. Boldt, Esq.
Sanford L. Bohrer, Esq.
Daniel K. Bean, Esq.